Z. PERRET & WIFE *v.* P. S. SANCHEZ et al.

An overseer cannot maintain an adverse possession of the the plantation against the owner who has hired him. If the owner discharge the overseer without just cause, before the term of his services has expired, the latter has a remedy, under the provisions of the Code in the title of letting and hiring.

APPEAL from the District Court of St. Martin, *Voorhies,* J.
De Blanc & Fuselier, for plaintiff. *J. G. Olivier & C. H. Mouton* and *F. M. Voorhies,* for defendants and appellants.

BUCHANAN, J. · The plaintiff, *Zenon Perret,* and the defendant *P. Sidney Sanchez,* made a contract by which *Perret* engaged to manage and oversee the plantation of *Sanchez,* in the parish of St. Martin, for the space of four years, counting from the 16th December, 1853, for the salary of six hundred dollars per annum, payable at the end of each year.

About the expiration of the second year of this engagement, *Sanchez* observed to *Perret,* in the presence of a witness, that he (*Perret*) was unfit to manage the plantation, and notified him to leave. *Perret's* reply was, that he would do so. Some time after this conversation, *Sanchez* engaged another overseer and sent him to the plantation to take possession. *Perret* absolutely refused to give him possession, or even to permit him to come upon the plantation. *Perret* also refused to receive freight which *Sanchez* had sent up from the city to the plantation by a steamboat. *Sanchez,* (who is a resident of New Orleans) being informed of these facts, proceeded to St. Martin, and with the assistance of some of the neighbors, after applying to a justice of the peace, removed forcibly the furniture of *Perret* from the house upon the plantation, and placed himself in possession thereof.

Plaintiff claims twenty thousand dollars damages for this forcible expulsion from *Sanchez's* premises. A jury has allowed him five hundred dollars, and both parties have appealed.

The District Judge charged the jury as follows: "That an overseer has not the possession of the house in which he resides, on a plantation which he manages for another; that the owner of the plantation may turn him out without resorting to any procedings before a court of justice, when any inconvenience or delay may result from the refusal of the overseer to leave the plantation; that the overseer who persists in remaining on the plantation after he has received notice to quit it, becomes a trespasser, and the owner may then use towards him that sort of violence which may be necessary to overcome his resistance, and turn him out forcibly, inasmuch as his possession of the premises is not the same as that of a tenant or owner, and cannot give rise to the same proceedings in ejectment." This charge is a correct exposition of the law.

The contract for the hiring of labor as overseer of a plantation, can never entitle the overseer to maintain an adverse possession of the plantation against the owner who has hired him. Such a proceeding on the part of the overseer mistakes entirely the object of the contract If the owner of the plantation discharges the overseer without just cause, before the term of his services has expired, the latter has a remedy, under the provisions of the Code in the title of letting and hiring; but he has no right to resist the owner in obtaining

<div style="margin-left:auto">PERRET<br>v.<br>SANCHEZ.</div>

possession of his property, in other words, to refuse to be discharged, until a judgment shall have pronounced upon the contract between himself and his employer.

The plaintiff has illegally refused *Sanchez* entrance into his own house, and is therefore to be regarded as a trespasser. His possession of *Sanchez's* house was tortious, and his expulsion therefrom cannot, of itself, give him any claim to damages. The whole evidence negatives the idea of any malice on the part of *Sanchez.* He addressed himself to a magistrate, and obtained what he supposed a judgment, and an execution in the nature of a writ of possession. There is nothing in the evidence which justifies the charges of brutality and violence, in the execution of this process, contained in the petition.

The record contains a list of furniture headed as follows: "Nous soussignés déclarons avoir fait estimation du dommage du ménage de Mr. *Zenon Perret*, comme suit." Each article in this list has an appraised value. The signers, *Ozére Le Blanc* and *Lucien Broussard,* declare that they appraised the furniture, and it was pointed out to them at the plaintiff's residence, and that they did not see the furniture before the day of their appraisement. They do not say what day that was. The only date which the appraisement bears, is that of its filing in court, the 20th June, 1856, more than four months after plaintiff's expulsion from *Sanchez's* house. There is no proof of its indentity with the furniture removed on that occasion, nor that the damage assessed, was caused by the acts of the defendants.

The defendant *Sanchez* offered to prove, in mitigation of damages, the incompetency of *Perret* as overseer, mismanagement of the plantation, and general improper conduct of *Perret* as overseer. This evidence was offered after *Perret* had given in evidence the contract between himself and *Sanchez,* which had been received to show the nature of *Perret's* possession of the house. On objection made by plaintiff's counsel, this evidence offered by *Sanchez,* was rejected by the court, as irrelevant. It is unnecessary for us to pass upon the correctness of this ruling, as the charge to the jury already commented upon and approved by us, rendered the evidence offered immaterial, even supposing it to have been admitted.

It is therefore adjudged and decreed, that the judgment of the District court be reversed, and that there be judgment in favor of defendant, with costs in both courts.