## TRAVIS v. SWEARINGEN.

### No. 1032.

Court of Appeal of Louisiana. First Circuit.

Oct. 5, 1932.

Robt. T. Carter, of Greensburg, and Reid & Reid, of Hammond, for appellant.

S. S. Reid, of Amite, and Wm. A. Houghton, of Independence, for appellee.

MOUTON, J.

Defendant was employed by plaintiff in October, 1931, to take care of and oversee his farm in the parish of St. Helena. In December, 1931; defendant was discharged from his employment after he had been paid a salary of $50 per month for two months. Plaintiff claims that defendant was employed by the month at a salary per month of $50, and that he had the right to dismiss him from his services in December, 1931, when he notified defendant to leave his farm. On the other hand, it is contended by defendant that his engagement was by the year on a monthly salary of $50.

Hence, plaintiff and defendant agree that the monthly salary was fixed at $50, and differ only as to the employment being by the year.

Plaintiff testifies it was by the month, defendant that it was for one year. Defendant is supported in his testimony by the evidence of his wife and by the character of the services defendant was expected to render,

which is outlined in a book of instructions given by plaintiff to defendant, also by the fact that defendant left his own farm where he was cropping to take charge of plaintiff's farm.

As the engagement was for a period of one year, the question presented is as to whether defendant had violated the terms of his agreement when he was discharged, as alleged by plaintiff.

The violations of the contract urged by plaintiff are substantially: That defendant had diverted funds, which plaintiff had intrusted him with for cattle purchases, to other purposes; had made unauthorized expenditures in repairing wells, had failed to keep the gates locked on the farm, and had permitted trespasses on the property; did not care for the cattle and had not done the plowing according to instructions and had neglected the farm to drive a truck to New Orleans.

It seems that plaintiff's purpose in engaging defendant's services was to make a stock farm of his property, which consists of about 500 acres of cultivated and cut-over lands. He had, we think, an exaggerated idea of the value of his property, perhaps was overpaying defendant for his services; but this, however, cannot affect the issues in the case.

■ One of plaintiff's complaints is that defendant had diverted the money placed in bank to defendant's checking account for the purchase of stock, by using it for other purposes. The proof on this issue is that the sum of $14 was applied from this money in paying for the curbing of a well on the farm. This work was necessary, as the proof shows, and fell within the purview of the agreement that defendant should take care of the property. Even if it were not exactly in line with the purpose of the work for which defendant had been employed, as it was done in good faith and unquestionably constituted an improvement on the farm, no violation of the terms of the agreement resulted therefrom.

The failure of defendant to plow the land was explained by his showing that in November, about the time he was expected to put this work through, the weather was extremely dry and the land was too hard for plowing. He explains also that he did not buy cattle to stock the farm because it was impossible for him to get them for the price at which he was directed to buy.

It was also shown by defendant that he had never neglected his duties to attend to the place by making trips to New Orleans in his truck. In that regard he proved that he had made two of these trips to the city and

that the farm had not suffered from inattention on that account. In so far as the gates not being kept closed on the premises, and of allowing trespassing on the property, the evidence fails altogether to support that charge.

■ Defendant having hired his services to plaintiff for a certain limited time, his contract with plaintiff was therefore one of hire of his labor. Civ. Code, arts. 2745, 2746.

Plaintiff, as we have shown, discharged defendant without serious ground of complaint, before the time for which he had hired his services had expired, and was therefore properly held below liable for the whole salary which defendant would have been entitled to receive had the full term of his services arrived. Civ. Code, art. 2749.

In that respect the judgment rendered against plaintiff on defendant's reconventional demand is correct.

In his petition plaintiff is asking for judgment ordering defendant to deliver the premises and for $500 damages for his illegal detention thereof.

■ It has long since been held that the overseer of a plantation cannot maintain an adverse possession, although he is discharged by the owner without just cause, and before his term of employment has expired. Perret and wife v. P. S. Sanchez et al., 12 La. Ann. 687.

■ In this case, defendant in his answer and testimony admits that he refused to deliver possession of the farm to plaintiff. He had no right to refuse possession to plaintiff. If discharged without just cause before the term of his services had expired, the case here, his remedy, as is pointed out in the decision above cited, was to demand his whole salary for the unexpired term of his employment. He has obtained that relief in reconvention and must deliver the premises to plaintiff, but without the allowance of damages.

The judgment will have to be recast so as to conform to the particulars hereinabove mentioned and be affirmed.

It is therefore ordered, adjudged, and decreed that the judgment be annulled and avoided in so far as it rejects the demand of plaintiff for the possession of his farm; and it is further ordered and decreed that plaintiff have judgment against defendant ordering him to deliver to plaintiff possession of said property; and in other respect the judgment appealed from be affirmed, defendant to pay the cost of the principal demand, and plaintiff to pay those of the reconventional demand.